**Balwant SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74932.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Pardeep S. Grewal, Esq., Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Stephen J. Flynn, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Balwant Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). We deny the petition.

Substantial evidence supports the agency's conclusion that even if Singh's asylum application was timely, and even if he suffered past persecution and therefore was entitled to a presumption of a well-founded fear of future persecution, the government rebutted the presumption with evidence of fundamental changes in India. *See id.* at 998–1001 (individualized analysis of changed conditions rebutted presumption of well-founded fear based on political opinion).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

Substantial evidence also supports the agency's denial of Singh's CAT claim because he failed to establish that it is more

likely than not that he will be tortured if he returns to India. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

